# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GARZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DARRELL ADAMS,<br><br>　　　　　Respondent. | 1:07-cv-00793-AWI-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>ORDER TO FILE RESPONSE WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 30, 2007. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed on May 30, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

///

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on May 29, 1998. (Doc. 1, p. 1). Petitioner, however, indicates that he pleaded guilty and does not indicate that he filed an appeal from his conviction. (Id.). Thus, Petitioner's conviction would become final upon the expiration of the sixty-day period for filing his direct appeal. Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999) see Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001); Cal. Rules of Court, rule 31(d). That sixty-day period would have expired on July 28, 1998. Petitioner would then have one year from July 28, 1998, or until July 28, 1999, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. As mentioned the instant petition was filed on May 30, 2007, almost eight years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is

///

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 121 S.Ct.
2  2120, 2129 (2001).

3       Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the
4  instant petition, beginning with a petition in the California Court of Appeal, Fifth Appellate District
5  ("5th DCA") that was denied on March 6, 2007.  (Doc. 1, p. 2).  The second petition, filed in the
6  California Supreme Court, was denied on May 9, 2007.  (Id.).  A petitioner, however, is not entitled
7  to tolling where the limitations period, as is apparently the case here, has already expired prior to
8  filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v.
9  Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920
10 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year
11 limitations period).

12      As mentioned, the limitations period expired on July 28, 1999, approximately seven and one-
13 half years *before* Petitioner's first state habeas petition was denied by the 5th DCA.  Petitioner has
14 not indicated the date on which he filed that petition in the 5th DCA, which would be the operative
15 date from which he would be entitled to statutory tolling.  However, unless he filed that petition no
16 later than July 28, 1999, the last day of the one-year period, the period would have expired and any
17 subsequently-filed state habeas petition would not entitle Petitioner to statutory tolling.  Green, 223
18 F.3d at 1003.

19      Accordingly, Petitioner will be afforded the opportunity, in his response to this Order to
20 Show Cause, to provide additional information regarding when and where he filed his state habeas
21 petitions if he believes that the instant petition is timely and that he is entitled to statutory tolling
22 under the AEDPA.

23      D.  Equitable Tolling
24      The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
25 prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
26 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107
27 F.3d 696, 701 (9th Cir. 1997)); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be
28 available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner makes no claim of entitlement to equitable tolling.

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).  In his response, Petitioner should provide the dates on which he filed any state habeas petitions, the names of the courts in which he filed those petitions, the results, if any, of those petitions, and the dates the results were issued.  Petitioner should provide, where possible, copies of all petitions filed as well as copies of the rulings by the state courts.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 8, 2008**                              **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE