1
2
3
4
5

6                       UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9  HECTOR GARZA,                         )      1:07-cv-00793-AWI-TAG HC
                                          )
10            Petitioner,                 )      FINDINGS AND RECOMMENDATIONS TO
                                          )      DISMISS PETITION FOR WRIT OF
11      v.                                )      HABEAS CORPUS
                                          )
12                                        )      (Doc. 1)
   DARREL ADAMS,                          )
13                                        )      ORDER DIRECTING OBJECTIONS TO BE
              Respondent.                 )      FILED WITHIN TWENTY DAYS
14  _____ )

15

16                            PROCEDURAL HISTORY

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

19  May 30, 2007. (Doc. 1).

20        On January 9, 2008, the Court issued an Order to Show Cause why the petition should not be

21  dismissed for violation of the one-year statute of limitations. (Doc. 8).  On February 1, 2008,

22  Petitioner filed his response, providing new and, in some cases, additional information regarding his

23  entitlement to both statutory and equitable tolling.  After consider Petitioner's response, the Court

24  finds that the petition is untimely and recommends that it be dismissed.

25                                 DISCUSSION

26  A.  Preliminary Review of Petition

27        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

28  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

                                          1

1   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

2   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

3   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

4   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th  Cir.

5   2001).

6          The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

7   habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

8   notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-1042.  The Court has

9   afforded Petitioner such an opportunity by permitting him to respond to the Order to Show Cause

10  with information that would rebut the Court's preliminary conclusion that the petition was untimely.

11  B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

12          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

13  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

14  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059

15  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds

16  by Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on May 30,  2007, and thus, it is

17  subject to the provisions of the AEDPA.

18          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

19  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

20  reads:

21          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The
22          limitation period shall run from the latest of –

23              (A) the date on which the judgment became final by the conclusion of direct
            review or the expiration of the time for seeking such review;
24
                (B) the date on which the impediment to filing an application created by
25          State action in violation of the Constitution or laws of the United States is removed, if
            the applicant was prevented from filing by such State action;
26
                (C) the date on which the constitutional right asserted was initially recognized by
27          the Supreme Court, if the right has been newly recognized by the Supreme Court and made
            retroactively applicable to cases on collateral review; or
28  ///

2

1

2
          (D) the date on which the factual predicate of the claim or claims presented
          could have been discovered through the exercise of due diligence.

3
          (2) The time during which a properly filed application for State post-conviction or
          other collateral review with respect to the pertinent judgment or claim is pending shall
          not be counted toward any period of limitation under this subsection.

4

5
28 U.S.C. § 2244(d).

6
          In most cases, the limitation period begins running on the date that the petitioner's direct

7
review became final.  In this case, the petition for review was denied by the California Supreme

8
Court on March 29, 2000.   (Doc. 9, p. 4).[1]  Thus, direct review would conclude on June 28, 2000,

9
when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot

10
v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th

11
Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year

12
from that date, or until June 28, 2001, absent applicable tolling, within which to file his federal

13
petition for writ of habeas corpus.

14
          As mentioned the petition in this case was filed on May 30, 2007, almost six years after the

15
one-year period expired.  Thus, unless Petitioner is entitled to sufficient statutory or equitable tolling

16
to account for that entire period, the petition is untimely and must be dismissed.

17
C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

18
          Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

19
for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

20
pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

21
Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

22
state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

23

24
          [1]The Court has accessed the California court system's electronic database in order to confirm or adjust the dates
Petitioner has listed in his response to the Order to Show Cause.  The Court may take notice of facts that are capable of

25
accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b);
United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose

26
accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank.
Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd,

27
645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown
Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the

28
court system's records for filings in the Court of Appeal and the California Supreme Court, are subject to judicial notice.

3

1  challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

2  557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned

3  that tolling the limitations period during the time a petitioner is preparing his petition to file at the

4  next appellate level reinforces the need to present all claims to the state courts first and will prevent

5  the premature filing of federal petitions out of concern that the limitation period will end before all

6  claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is

7  not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S.

8  167, 181-182, 121 S.Ct. 2120 (2001).

9          Here, Petitioner alleges that, following conclusion of direct review of his conviction, he filed

10  his first state habeas petition in the California Supreme Court on March 30, 2001, before the

11  expiration of the one-year period.  At that point, 274 days of the one-year period had expired; i.e.,

12  Petitioner had 91 days remaining on his one-year limitation period.  When the California Supreme

13  Court denied the petition on June 27, 2001, the period re-commenced and expired 91 days later on

14  September 27, 2001.

15          Petitioner contends that he did not file his next state habeas petition until he filed a petition in

16  the Fresno County Superior Court on June 5, 2003, almost two years after the first petition was

17  denied by the California Supreme Court and over twenty months after the one-year period had

18  expired.

19          A petitioner is not entitled to tolling where the limitations period has already run prior to

20  filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v.

21  Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (8th

22  Cir. 1999)(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the

23  one-year limitations period).  Thus, Petitioner is not entitled to statutory tolling for any of the

24  petitions filed after September 27, 2001, when the one-year period expired. Hence, the petition is

25

26          [2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
   corpus jurisdiction. See  Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is
   non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal
27  denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead
   file an original habeas petition in the Supreme Court. See id.

28

1  untimely and, unless Petitioner is entitled to equitable tolling, it must be dismissed.

2  D.  Equitable Tolling

3          The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

4  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

5  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107

6  F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence,

7  account for the failure to file a timely claim, equitable tolling of the statute of limitations may be

8  appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

9          In his response to the Order to Show Cause, Petitioner makes several implicit claims for

10  equitable tolling.  Petitioner contends that he did not understand the legal procedures involved in

11  filing the instant petition, that he was frequently transferred from prison to prison, that these prisons

12  were subject to frequent lockdowns, and that he had only limited access to the prison law libraries.

13  (Doc. 9, p. 2).

14          Petitioner's claim of ignorance of the law is insufficient to justify equitable tolling.  See e.g.,

15  Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's

16  illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause);  Fisher v.

17  Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Moreover,

18  unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting

19  equitable tolling in this case.  For these reasons, this Court finds that the lockdowns and limited

20  library access do not warrant equitable tolling in this case. See United States v. Van Poyck, 980

21  F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and

22  lockdowns at prison lasting several days and allegedly eliminating access to law library were not

23  extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v.

24  Harris, 1999 WL 13719, *2 (N.D.Cal. January 7, 1999) ("lockdowns, restricted library access and

25  transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]

26  statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such

27  matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged

28  lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL

5

775085, *2 (N. D.Cal. November 3, 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are not extraordinary and do not justify equitable tolling.  If limited resources and legal knowledge were an excuse for not complying with the limitations period, the enactment of the AEDPA would have been futile since most incarcerated prisoners have these same problems.  Thus, the limitations period will not be equitably tolled on those grounds.

A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See,  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723 (1984); see also, Miles, 187 F.3d at 1107. Thus, the Court must consider Petitioner's diligence in pursuing his claims.  Here, as mentioned, Petitioner had a "gap" of almost two years between the denial of his first state habeas petition and the filing of his second.  While the Court is cognizant of the difficulties faced by a pro se inmate attempting to act as his own counsel while in prison, the difficulties necessarily entailed therein are similar for all inmates and are not peculiar to Petitioner. Thus, they do not qualify to equitably toll the statute.

Finally, Petitioner's claim of mental illness alone is insufficient to equitably toll the limitations period.  Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."  Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996); see also, Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir.1993); United States v. Page, 1999 WL 1044829, at *1-2 (N.D.Ill. November 16, 1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D.N.Y. April 14, 1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C.1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3d Cir.1970) ("Insanity does not prevent a federal statute of limitations from running."); Boos v. Runyon, 201 F.3d 178,  184 (2nd Cir. 2000) ("The question of whether a person is sufficiently mentally disabled to justify tolling of a
///

6

1   limitation period is ... highly case-specific."). Even assuming the correctness of such an approach,

2   Petitioner has not made the requisite showing.

3        Petitioner has alleged that he was "deeply under the control of strong medication that was

4   effecting [him] mentally and physically" at the time of his guilty plea for possession of cocaine.

5   (Doc. 9, p. 9). Even assuming, arguendo, that Petitioner's claim is true, it is merely probative of

6   Petitioner's mental condition at the time of the entry of his plea in May1998; it does not establish

7   that, <u>subsequent</u> to the conclusion of his direct appeal in 2000, his mental condition or dependence

8   on drugs prevented him from timely filing his federal petition. <u>Miller</u>, 77 F.3d at 191. Indeed,

9   Petitioner has made no allegation, and has presented no evidence, regarding a mental disability

10  *during the running of the one-year limitation period* that would have prevented him from timely

11  filing his petition. Thus, equitable tolling of the statute of limitation is not warranted on this basis

12  either.

13                                  **<u>RECOMMENDATIONS</u>**

14       Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition (Doc. 1),

15  be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation

16  period.

17       These Findings and Recommendations are submitted to the United States District Judge

18  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304

19  of the Local Rules of Practice for the United States District Court, Eastern District of California.

20  Within twenty (20) days after being served with a copy, any party may file written objections with

21  the court and serve a copy on all parties. Such a document should be captioned "Objections to

22  Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and

23  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

24  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

25  (b)(1)(C).

26  ///

27  ///

28  ///

1    The parties are advised that failure to file objections within the specified time may waive the

2  right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:   **February 8, 2008**                                              **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8