IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HECTOR GARZA,**<br>　　　　　**Petitioner**,<br><br>　　v.<br><br>**DARREL ADAMS,**<br>　　　　　**Respondent.** | **1: 07 -CV- 0793 AWI TAG HC**<br><br>**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY**<br><br>[Document #14] |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 17, 2008, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the petition for Petitioner's failure to file this habeas corpus petition within the one year limitations period found at 28 U.S.C. § 2244(d).  On April 30, 2008, Petitioner filed a motion for a certificate of appealability.

    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   Before Petitioner can appeal this's court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). The controlling statute for issuing a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such

person's detention pending removal proceedings.
 (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
  (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Preliminarily, the court notes that Petitioner's motion for a certificate of appealability is late. On March 17, 2008, the court dismissed this action, and the Clerk of the Court issued the judgment the same day.   On April 30, 2008, Petitioner filed a motion for certificate of appealability.    The motion was signed on April 25, 2008, and the court presumes they were given to prison authorities for mailing the same day.   The time limit for filing a notice of appeal following entry of an order denying a petition for writ of habeas corpus is thirty days. See Fed. R.App. P. 4(a).   Petitioner's motion for a certificate of appealability was filed more than thirty days after entry of the order Petitioner seeks to appeal.   The failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).  The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).   Reading Bowles and Hayward together, the court finds that the issuance of a certificate of appealability at this time would not give the Ninth Circuit jurisdiction over Petitioner's appeal, and as such, the court

has no choice but to deny the certificate of appealability. See <u>Moreno v. Ryan</u>, 2007 WL 2206943 (E.D.Cal. 2007); <u>Woods v. Ayers</u>, 2007 WL 1805555 (E.D.Cal 2007); <u>Ransom v. Scribner</u>, 2007 WL 841786 (E.D.Cal 2007).

Regardless of whether the motion for a certificate of appealability was timely, the court declines to issue a certificate of appealability./ In the present case, the court finds that reasonable jurists would not disagree with the court's finding that Petitioner failed to file this action within the statute of limitations. In his motion, Petitioner focuses on the underlying merits of his petition, and contends that he is entitled to habeas corpus relief. Even if the court were to conclude that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, no certificate of appealability can be granted because jurists of reason would not find it debatable whether Petitioner failed to file this action within the statute of limitations. See <u>Slack</u>, 529 U.S. at 484-85. The court finds that standard set forth in 28 U.S.C. § 2253 has not met. Thus, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS that:

1. Petitioner's motion for a certificate of appealability is DENIED; and

2. No certificate of appealability SHALL BE ISSUED.

IT IS SO ORDERED.

**Dated:   May 5, 2008**          /s/ Anthony W. Ishii
                                  UNITED STATES DISTRICT JUDGE